1
2
3
4
5
6
7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   BRENDA F. GARRETT,                          CASE NO. CV-F-03-5497 LJO

12                    Plaintiff,                 **ORDER TO GRANT PETITION FOR
                                                  ATTORNEY FEES**
13          vs.                                  (Doc. 16)

14   JO ANNE B. BARNHART,
     Commissioner of Social
15   Security,

16                    Defendant.
                                            /
17

18                              **INTRODUCTION**

19          In this action reviewing administrative denial of Social Security benefits to plaintiff Brenda F.

20   Garrett ("plaintiff"), plaintiff's attorney seeks an award under 42 U.S.C. § 406(b) ("section 406(b)"), of

21   $5,714.75 for attorneys fees, less a credit of $1,200.00 for work before this Court to obtain plaintiff's

22   past-due benefits.  On October 5, 2005, plaintiff's attorney filed his petition for attorney fees.  On

23   December 22, 2005, defendant Jo Anne B. Barnhart, Commissioner of Social Security

24   ("Commissioner"), filed her response to the amount requested by plaintiff's attorney.

25                              **BACKGROUND**

26          Plaintiff filed an application for disability insurance benefits under Title II of the Social Security

27   Act, 42 U.S.C. §§ 401-433.  After her claim was denied at the administrative level, she retained counsel

28   with the Law Office of Lawrence Rohlfing and sought judicial review.  Plaintiff entered into a May 14,

                                            1

1   2003 fee agreement, signed by attorney Steven Rosales, to pay her attorney 25 percent of past-due

2   benefits if plaintiff obtained a favorable court judgment or favorable Social Security Administration

3   ("SSA") decision after court remand.  (Doc. 16, Exh. 1.)  On December 11, 2003, this Court entered

4   judgment and remanded the case to the Commissioner of Social Security for further administrative

5   action pursuant to sentence four of 42 USC 405(g).  After this Court's remand, SSA's Appeal Council

6   issued its decision finding plaintiff eligible for benefits since June 17, 2000.   (Doc. 16, Exh. 3.)  SSA,

7   pursuant to a July 30, 2005 Notice of Award, withheld $11,014.75 (25 percent of plaintiff's past-due

8   benefits) to pay potential attorney fees.  From such amount, plaintiff's attorney seeks $5,714.75 for his

9   work before this Court subject to a $1,200.00 offset for fees previously awarded under the Equal Access

10   to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**DISCUSSION**

12   Section 406(b)(1)(A) addresses attorney fees in Social Security cases and provides in pertinent

13   part:

14   Whenever a court renders a judgment favorable to a claimant . . . who was
represented before the court by an attorney, the court may determine and allow as part

15   of its judgment a reasonable fee for such representation, not in excess of 25 percent of
the total of the past-due benefits to which the claimant is entitled by reason of such

16   judgment . . .

17   Section 406(b)(1)(A) calls for court review of contingent-fee arrangements "as an independent

18   check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S.

19   789, 152 L.Ed.2d 996, 1011 (2002).  The Supreme Court recognized the primacy of lawful attorney-

20   client fee agreements and ruled against a lodestar approach to determining reasonable attorney fees in

21   social security cases where claimants prevail in federal court.[1] *Gisbrecht v. Barnhart,* 535 U.S. 789, 793,

22   122 S.Ct. 1817, 1820.  The Court concluded that the statutory provision limiting attorney fees to 25

23

24   [1]A "lodestar" amount is based upon reasonable hours expended multiplied by a reasonable hourly rate. *Accord Allen
v. Shalala*, 48 F.3d 456 (9th Cir. 1995).  The fee may then be adjusted by considering the twelve factors identified in *Kerr*

25   *v. Screen Actors Guilt, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1762 (1976), to wit:
(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill

26   requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due
to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time

27   limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained,
(9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the

28   nature and length of the professional relationship with the client, and (12) awards in similar cases.

1  percent of past-due benefits was designed to control, and not to displace, contingent-fee agreements that

2  are within the statutory ceiling.  The Supreme Court further observed:

3      Congress has provided one boundary line: Agreements are unenforceable to the extent
        that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the
4       25 percent boundary . . . the attorney for the successful claimant must show that the fee
        sought is reasonable for the services provided.
5
        . . . .
6
        If the benefits are large in comparison to the amount of time counsel spent on the case,
7       a downward adjustment is similarly in order.

8  *Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1011-1012.

9      Section 406(b) "instructs courts to review for reasonableness" fees yielded under contingent fee

10 agreements.  *Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1012.  Lastly, an EAJA award offsets an award

11 under section 406(b) so that the amount of total past-due benefits the claimant receives will be increased

12 by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits.  *See*

13 *Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1004.

14     In this case, plaintiff's attorney successfully sought remand to SSA's Appeals Council which

15 awarded plaintiff past-due benefits. Pursuant to the holding of *Gisbrecht*, the Court is to conduct an

16 independent check to assure the reasonableness of the fee request in light of the particular circumstances

17 of this case. 122 S.Ct. at 1828.

18     The Commissioner filed a response to the petition expressing concern about the "reasonableness"

19 of the amount of fees requested and the "windfall" befalling plaintiff's counsel.  The Commissioner

20 notes that the documentation provided by counsel shows that counsel has expended only 7.9 hours

21 which, for the amount of fees requested, computes to $686.07 per hour.[2]   The focus of the

22 Commissioner's concern is the relatively low number of hours expended in relation to the result

23 achieved. Indeed, at first blush, the hourly fee appears unreasonable, and superficially, appears as a

24 windfall to counsel.

25     While recognizing the Commissioner's concern that the requested fee reflects a *de facto* hourly

26 rate of over $686, the Court is satisfied that Mr. Rosales and the Law Office of Lawrence Rohlfing has

27

28     [2] Plaintiff's counsel also notes his office has incurred 3.9 hours of paralegal time.

3

shown that the fee sought is justified given the circumstances of this litigation.  The Law Office of Lawrence Rohlfing expended 7.9 hours and obtained a result of over $44,000 for plaintiff.  Expending a relatively low number of attorney hours is deceiving.  The merits of plaintiff's case were not "certain."  Plaintiff had already lost at the administrative level and had been denied review by the Appeals Council.  Only upon the Law Office's participation and effective advocacy was the case remanded and plaintiff ultimately awarded benefits.  The Law Office efficiently and effectively handled the case, and gained a substantive result for its client, which should not count against a request for compensation.  Ironically, had the Law Office spent 24 hours or 50 hours on the case, yielding a lower hourly rate, there would be less of a controversy for the fee request.

As noted by *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1036 (N.D.Cal.2003), "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements" (citations omitted.)  In *Hearn*, the court acknowledged that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss."

To guard against windfalls, some courts consider additional factors not explicitly proffered in *Gisbrecht*. These include risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee. *See, e.g., Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1036-38 (N.D.Cal.2003) (considering risk of loss, experience of counsel, percentage of funds the fee consumes, value of the case to the plaintiff, and client's consent to fee requested in approving a defacto hourly rate of $450).

Here, this case involved a substantial risk of loss for counsel.  The Law Office notes that it is one of the few firms which will accept clients who were represented by others at the administrative level.  (Rosales Decl. ¶11.)  Counsel represented plaintiff even though counsel did not represent plaintiff at the administration level.  These cases, in which the plaintiff has lost at the administrative level, already

4

1   constitute substantial risk of loss.[3]  In addition, without possible maximum fee recovery as incentive,

2   plaintiffs such as the one in this case, may go unrepresented or may be forced to abandon their claim.

3         In addition, the value of this case to plaintiff is substantially more than the past-due benefits on

4   which the fee is based. Based on the judgment, plaintiff will receive not only past-due benefits, but also

5   ongoing Title II benefits of approximately $779.00 per month.  (Doc. 16, Exh. 4.)  Nor, in computing

6   the section 406(b) fee, is the value of health care benefits included.  (Doc. 16, Exh. 4.) Here, plaintiff

7   received retroactive payment plus the right to receive ongoing monthly Title II benefits and ancillary

8   medical insurance benefits.

9         Further, the requested fees are within the 25 percent limit in the contingency agreement.[4] Plaintiff

10  was notified by the SSA of the amount of attorneys' fees being withheld to satisfy an attorney's fee

11  claim.  (Doc. 16, Exh. 4.) In addition, this petition for attorneys fees was served on plaintiff.  While

12  plaintiff has not expressly consented to the petition's request, neither has she objected to the request.

13  *Coppett v. Barnhart*, 242 F. Supp. 2d 1380 (S.D. Ga. 2002) (best indicator of the reasonableness of a

14  contingency fee in a social security case is the contingency percentage actually negotiated between the

15  attorney and client, not an hourly rate determined under lodestar calculations).

16        Counsel also presents evidence that counsel Steven Rosales is a experienced social security

17  litigator with matters in various District Courts in California, at the Ninth Circuit and before the United

18  States Supreme Court.  (Rosales Dec. ¶12.)  In addition, Mr. Rosales presents evidence that the Law

19  Office of Lawrence Rohlfing has been awarded fees effectively reaching $965.57, $782.70 and $685.00

20  per hour.  (Rosales Decl.¶ 14.)

21        Thus, in light of the circumstances of this case, the Court finds that the fees are reasonable.

22  /////

23  /////

24

25        [3] Upon judicial review, a court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). Substantial evidence is "more than a mere scintilla" (*Richardson v. Perales*, 402 U.S. 389, 402 (1971)), but

26  less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).

27        [4] Counsel who represented plaintiff at the administrative level filed a fee petition for attorneys' fees under 42 U.S.C. §406(a) in the amount of $5,300.  (Petition p. 20 and Doc. 16, Exh. 5.)  The fees under sections 406(a) and (b) will total

28  $11,014.75 and do not exceed the 25 percent of the retroactive benefit.

5

1

**CONCLUSION AND ORDER**

2          For the reasons discussed above, this Court GRANTS the petition of plaintiff's attorney for a

3   $5,714.75 attorney fee subject to a $1,200.00 offset for the prior EAJA award.

4

5   IT IS SO ORDERED.

6   **Dated:   January 24, 2006**                          **/s/ Lawrence J. O'Neill**
    b9ed48                                              UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28